William M. GIBBONS, Trustee of the Property of Chicago, Rock Island and Pacific Railroad Company, Debtor, Plaintiff,

v.

UNITED TRANSPORTATION UNION, John B. Criswell and F. D. Tuffley, Defendants.

No. 77 C 783.

United States District Court, N. D. Illinois, E. D.

Sept. 21, 1977.

E. D. Curlee, Nicholas G. Manos, Williams, Manos, Rutstein, Goldfarb & Sharp, Ltd., Chicago, Ill., for plaintiff.

John J. Naughton, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

### Motion to Dismiss

MAROVITZ, Senior District Judge.

Plaintiff filed this action to impeach an award rendered by Task Force Number Eight (the "Board"), a board of arbitration. Plaintiff is Trustee of the Property of Chicago, Rock Island and Pacific Railroad Company (the "Railroad"), a "carrier" within the meaning of the term as defined in the Railway Labor Act. Defendant United Transportation Union (the "Union") is the collective bargaining agent for plaintiff's trainmen and enginemen employees. Defendants Criswell and Tuffley are the two of the three member Board who found in favor of the Award challenged by plaintiff.

The Award was rendered pursuant to Article XII of the National Agreement of January 27, 1972, a labor agreement between the Railroad and the Union. Article XII establishes procedures whereby the Railroad could establish interdivisional-interseniority district service in freight and passenger service, subject to the establishment of appropriate conditions. Pursuant to Article XII, plaintiff initiated proceedings to create a rule for establishing interdivisional service. When negotiations failed, the Railroad and Union submitted the dispute to the Board, created on March 25, 1976, for arbitration. Defendant Criswell was appointed by the National Mediation Board to be the neutral member of the Board. The Board announced its Award on January 5, 1977.

On March 8, 1977, plaintiff filed its Petition in this Court seeking both to impeach the award and a declaration that, *inter alia*, the proceedings and the award of the Board are invalid. In its first count, the Railroad alleges that the Board failed to comply with certain requirements mandated by Section 7 of the Railway Labor Act, 45 U.S.C. § 157 and Section 8 of the Act, 45 U.S.C. § 158, specifically subsections b, d–k, m and n, in rendering the Award.

In Count II, plaintiff alternatively asks this Court to impeach and hold invalid the Award for failure to conform to the stipulations of the National Agreement.

Plaintiff's third count seeks a declaration pursuant to 28 U.S.C. § 2201 adjudging, *inter alia,* that (a) the National Agreement does not constitute a valid agreement to arbitrate pursuant to the Railway Labor Act; (b) the Board was not lawfully established, hence invalidating its proceedings and Award; (c) that the Award is not binding for lack of unanimity among the arbitrators; and (d) that defendant Criswell be disqualified from participating in any future arbitration under the National Agreement between the Railroad and the Union.

■ Pending before this Court is defendants' motion to dismiss the petition on the ground that this Court lacks jurisdiction over the subject matter. F.R.Civ.P. 12(b)(1). Plaintiff seeks to invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331 and 1337. Defendants' arguments in brief against the propriety of plaintiff's claims are not properly raised in this motion. The sole question before us is whether a federal court has jurisdiction over the subject matter set forth in plaintiff's petition to impeach, where plaintiff alleges that the Award rendered by a board which was not created according to the requirements of the Railway Labor Act is invalid. We hold that this Court does have jurisdiction under 28 U.S.C. §§ 1331 and 1337 over Counts I and II of plaintiff's petition, and in part over Count III, for the reasons set forth below.

## Counts I and II

■ A summary of the dispute resolution process dictated by the Railway Labor Act is set forth by the Supreme Court in *Elgin, Joliet & Eastern Railway Co. v. Burley,* 325 U.S. 711, 724–728, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). Simply stated, the statute sets out two routes for settlement of two distinct classes of dispute: major and minor. Both routes impose a duty upon the carrier and collective bargaining agent to attempt a resolution of their differences at the negotiating table. Should negotiations break down, a minor dispute must be arbitrated either by the National Railroad Adjustment Board, § 3 First; 45 U.S.C. § 153 First, or by a private arbitration board. § 3 Second, 45 U.S.C. § 153 Second. See *Merchants Despatch Transp. Corp. v. Systems Fed., Etc.,* 551 F.2d 144, 147 (7th Cir. 1977).

■ Should negotiations toward settlement fail in a major dispute, however, arbitration is strictly voluntary. § 7 First, 45 U.S.C. § 157 First provides:

Whenever a controversy shall arise between a carrier or carriers and its or their employees which is not settled either in conference between representatives of the parties or by the appropriate adjustment board or through mediation, in the manner provided in sections 151–156 of this title, such controversy may, by agreement of the parties to such controversy, be submitted to the arbitration of a board of three (or, if the parties to the controversy so stipulate of six) persons: Provided, however, That the failure or refusal of either party to submit a controversy to arbitration shall not be construed as a violation of any legal obligation imposed upon such party by the terms of this chapter or otherwise.

Plaintiff contends that jurisdiction is bestowed upon this Court for impeachment of an award rendered in a major dispute under § 9 Third, 45 U.S.C. § 159 Third, which provides in part:

Such petition for the impeachment or contesting of any award [filed in the clerk's office of the district court] shall be entertained by the court only on one or more of the following grounds:

(a) That the award plainly does not conform to the substantive requirements laid. down by this chapter for such awards, or that the proceedings were not substantially in conformity with this chapter;

(b) That the award does not conform, nor confine itself, to the stipulations of the agreement to arbitrate; ˙ . . .

It is apparent that Counts I and II of plaintiff's petition rely on subsections (a) and (b) respectively. Defendants contend, however, that we should view the dispute over interdivisional service as a minor dispute. We note that federal courts do have jurisdiction under 28 U.S.C. §§ 1331 and 1337 to review the awards of special boards of adjustment rendered pursuant to § 3 Second, 45 U.S.C. § 153 Second. See *Merchants Despatch Transp. Corp. v. Systems Fed., Etc., supra* at 152. However, if plaintiff's petition concerns a minor dispute, plaintiff failed to allege and prove jurisdiction under § 3 First (q) of the Railway Labor Act, 45 U.S.C. § 153 First (q). The threshold question, then, is whether the dispute between the Railroad and the Union overrules for establishing interdivisional service is a major or minor dispute.

■ The Supreme Court set out the definitions of major and minor disputes in *Elgin, Joliet & Eastern Railway Co. v. Burley, supra,* as follows:

The first relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the acquisition of rights for the future, not to assertion of rights claimed to have vested in the past.

The second class, however, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case. In the latter event the claim is founded upon some incident of the employment relation, or asserted one, independent of those covered by the collective agreement, e. g., claims on account of personal injuries. In either case the claim is to rights accrued, not merely to have new ones created for the future. 325 U.S. at 723, 65 S.Ct. at 1290.

Defendants argue that the dispute in question is neither major nor minor, but rather creatively assert that it is a "quasi-minor" dispute. In support of their contention, defendants point out that the dispute was neither initiated by a "Section Six Notice" nor were the negotiations mediated by the National Mediation Board. The *Elgin* case, however, has us look to the rights in question to determine the magnitude of the dispute rather than the procedure which initiated the dispute's resolution. We therefore agree with plaintiff that while the 1972 National Agreement established the right of the Railroad to create interdivisional service, it left unresolved the conditions under which that service could be inaugurated. The dispute is one which "look[s] to the acquisition of rights for the future," a classic major dispute. Since plaintiff properly alleged that this action is brought under § 9 Third of the Railway Labor Act, 45 U.S.C. § 159 Third, we hold that this Court has jurisdiction over Counts I and II of plaintiff's petition to impeach under 28 U.S.C. §§ 1331 and 1337. See *Felter v. Southern Pacific Co.,* 359 U.S. 326, 329, 79 S.Ct. 847, 3 L.Ed.2d 854 (1958).

■ Defendants contend, however, that even if an action would lie, plaintiff's filing of the petition was not timely. Defendants' Brief In Support of Motion to Dismiss Petition at 3. See *Catalano v. Clerks,* 348 F.Supp. 369 (S.D.N.Y.1972). The petition alleges that the award was filed in district court on February 28, 1977 and the petition to impeach was filed on March 8, 1977, well under the 10 day requirement.

### Count III

For the reasons discussed above, we find that jurisdiction is proper for this Court to

render a declaratory judgment pursuant to 28 U.S.C. § 2201, with the exception of plaintiff's prayer for relief (d), which reads as follows:

> (d) that the defendant Criswell be declared to be disqualified from participating in any further proceedings involving the arbitration of questions under the National Agreement which involve plaintiff and the defendant union; . . .

Addressing the question of ripeness, the Supreme Court stated:

> Basically the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *Golden v. Zwickler,* 394 U.S. 103, 108, 89 S.Ct. 956, 959, 22 L.Ed.2d 113 (1969).

█ Plaintiff's petition is void of any allegation that defendant Criswell is likely to participate in any further proceedings between plaintiff Railroad and defendant Union. Hence, it is beyond the capacity of this Court to order the relief sought by plaintiff regarding defendant Criswell.

In light of the foregoing, defendants' motion to dismiss Counts I and II of the petition is denied, and defendants' motion to dismiss Count III of the petition is denied in part and granted in part.